Civil No. 8:16-cv-01257-BRO

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

---

In re: JAY W. AND DEBRA JOHNSON, Debtors,
Chapter 7 Bankruptcy Court Case No. 8:06-bk-10373 ES

---

JAY W. JOHNSON, et al., Appellants

vs.

ROSENDO GONZALEZ, et al., Appellees.

Adversary Proceeding Case Numbers 8:06-ap-1313 ES and
8:06-ap-1311 ES (Consolidated)

---

On Appeal from the Order of the United States Bankruptcy Court,
The Honorable Erithe A. Smith, United States Bankruptcy Judge

---

### APPELLEES' RESPONSE BRIEF

---

James Andrew Hinds, Jr. (SBN 71222)
Paul R. Shankman (SBN 113608)
Rachel M. Sposato (SBN 306045)
HINDS & SHANKMAN, LLP
21257 Hawthorne Blvd., Second Floor
Torrance, California 90503
Tel: (310) 316-0500
Fax: (310) 792-5977
Attorneys for Appellees, Rosendo Gonzalez, Chapter 7 Trustee,
James Andrew Hinds, Jr., Esq., and HINDS & SHANKMAN, LLP

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure, the undersigned counsel for Rosendo Gonzalez, Chapter 7 Trustee, James Andrew Hinds, Jr., Esq, and HINDS & SHANKMAN, LLP certifies that Rosendo Gonzalez and James Andrew Hinds, Jr. are individuals, and further certifies that HINDS & SHANKMAN, LLP is a California Limited Liability Partnership with no parent or subsidiary, and that there is no a public corporation that owns 10% or more of its stock.

Dated: October 6, 2016

Respectfully submitted,

JAMES ANDREW HINDS, JR.
PAUL R. SHANKMAN
RACHEL M. SPOSATO
HINDS & SHANKMAN, LLP

By: _____
JAMES ANDREW HINDS, JR.,
Attorneys for Appellees Rosendo Gonzalez,
Chapter 7 Trustee, James Andrew Hinds, Jr.,
Esq., and HINDS & SHANKMAN, LLP

## STATEMENT REGARDING ORAL ARGUMENT

Appellees respectfully submit that oral argument would add nothing of merit to the issues on appeal in this matter.  The decision of the trial court below is supported by the facts and the law and thus oral argument will not materially assist the Court in its analysis of the disputed issues presented on appeal.


Dated: October 5, 2016

Respectfully submitted,

JAMES ANDREW HINDS, JR.
PAUL R. SHANKMAN
RACHEL M. SPOSATO
HINDS & SHANKMAN, LLP

By: _____
JAMES ANDREW HINDS, JR.,
Attorneys for Appellees Rosendo Gonzalez,
Chapter 7 Trustee, James Andrew Hinds, Jr., Esq.,
and HINDS & SHANKMAN, LLP

# TABLE OF CONTENTS

**PAGE NO.**

INTRODUCTION AND SUMMARY OF THE ARGUMENTS
IN OPPOSITION TO THE APPEAL FROM THE DENIAL OF THE
MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
COSTS...................................................................................1

STATEMENT OF JURISDICTION.................................................2

STATEMENT OF THE ISSUES.....................................................3

STANDARD OF REVIEW............................................................4

DESPITE ITS PROCEDURAL INFIRMITIES, THE APPELLANTS'
ATTORNEY FEE MOTION WAS HEARD ON THE MERITS
AND PROPERLY DENIED BY THE TRIAL COURT.............................5

THE UNDERLYNG FACTS SUPPORT THE TRIAL COURT'S
RULING ON THE ATTORNEY FEE MOTION.....................................8

THE TRIAL COURT CORRECTLY FOUND THAT THERE
WAS NO BASIS IN FACT OR LAW TO SUPPORT AN
AWARD OF ATTORNEYS' FEES AND COSTS IN THE
TRUSTEE'S PROSECUTION OF THE ADVERSARY
PROCEEDINGS.......................................................................11

    A.    The Application of the American Rule to the Facts of This Case Is
        Dispositive ...................................................................12

    B.    The Trustee's Claims In Gonzalez I and Gonzalez
        II Were In No Way Addressed To the Enforcement Of The
        Lapides/Johnson Settlement Agreement(s), nor To the Note(s) and,
        Thus, There Was No Basis in Law for an Award of Attorneys'
        Fees under California Civil Code 1717................................ 14

    C.    The Trustee is Not a Successor-In-Interest to Mr. Lapides........... 16

i

D.    The Trial Court Correctly Applied the Doctrine of Laches to the Facts of This Case under the 2005-Settlement Agreement..................17

E.    The Trial Court's Decision Not to Award Attorneys' Fees to The Appellants Was Well within the Trial Court's Discretion Under the Law..............................................................................20

F.    The Attorney Fee Motion Was Devoid Of Any Proof of Bad Faith On The Part Of the Trustee and His Counsel.....................21

G.    The Attorney Fee Motion Failed To Follow The Local Rules In Providing Judge Smith With Evidence In Support of the Relief Sought..............................................................................24

THE TRUSTEE AND HIS COUNSEL IN THIS CASE ARE IMMUNE FROM SANCTIONS OR ATTORNEYS' FEES BECAUSE THE TRUSTEE'S CONDUCT, AND THE CONDUCT OF HIS COUNSEL, WAS AT ALL TIMES WITHIN THE SCOPE OF THE TRUSTEE'S STATUORY DUTIES UNDER THE CODE..............................................................26

THE APPELLANTS' RELIANCE ON 11 U.S.C. § 105 IS MISPLACED AND CANNOT BE THE FOUNDATION FOR AN AWARD OF ATTORNEYS' FEES IN THIS MATTER.......................................28

CONCLUSION.........................................................................29

# TABLE OF AUTHORITIES

**PAGE NO.**

**Cases**

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,*
    421 U.S. 240, 247 (1975). ........................................................................ 12

*Apache Survival Coalition v. United States,*
    118 F.3d 663 (9th Cir.1997)............................................................... 4, 19

*Barbee v. Price Waterhouse, LLP (In re Solar Fin. Servs.),*
    255 B.R. 801 (Bankr. S.D. Fla. 2000)................................................... 26

*Berry v. Stevinson Chevrolet,*
74 F.2d 213 (5th Cir.1996) .................................................................... 4

*Boullion v. McClanahan,*
    639 F.2d 213 (5th Cir. 1981)................................................................. 26

*Brown v. Cont'l Can Co.,*
    765 F.2d 810 (9th Cir.1985).................................................................. 20

*Caplin v. Marine Midland Grace Trust Company of New York,*
    406 U.S. 416 (1972) ............................................................................... 15

*Chambers v. Nasco, Inc.*
    501 U.S. 32 (1991) ................................................................................. 23

*Christian v. Mattel, Inc.,*
    286 F.3d 1118 (9th Cir. 2002)............................................................... 25

*Cohen v. De La Cruz,*
    523 U.S. 213 (1998) ............................................................................... 13

*Couveau v. Am. Airlines,*
    218 F.3d 1078 (9th Cir.2000)............................................................... 19

iii

*Exxess Electronixx v. Heger Realty Corp.* (1998)
    64 Cal.App.4th 698 ............................................................................ 15

*Fink v Gomez,*
    239 F.3d 898 (9th Cir. 1991) ........................................................... 22

*Fobian v. Western Farm Credit Bank (In re Fobian),*
    951 F.2d 1149 (9th Cir. 1991) ......................................................... 14

*Friedman Enters. v. B.U.M. Int'l, Inc.* (In re B.U.M. Int'l, Inc.),
    229 F.3d 824 (9th Cir. 2000) ............................................................. 4

*Fry v. Dinan (In re Dinan),*
    448 B.R. 776 (9th Cir. BAP 2011) ................................................... 13

*Haeger v. Goodyear Tire & Rubber Co.,*
    813 F.3d 1233 (9th Cir. 2016) ......................................................... 21

*Hall v. Perry (In re Cochise College Park, Inc.),*
    703 F.2d 1339 (9th Cir.1983) .......................................................... 27

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983) ........................................................................... 4

*In re Grantham Bros.,*
    922 F.2d 1438 (9th Cir. 1991) ......................................................... 25

*In re Island Amusement, Inc.,*
    74 B.R. 18 (Bankr. D.P.R. 1987) ..................................................... 27

*In re Powell,*
    2008 U.S. Dist. LEXIS 67719 ......................................................... 26

*In re United Ins. Mgmt., Inc.,*
    14 F.3d 1380, (9th Cir. 1994) .......................................................... 27

*In re Yadidi,*
    274 B.R. 843 (9th Cir. B.A.P. 2002) ............................................... 29

*Jackson v. Axton,*
   25 F.3d 884 (1994) ..................................................................................... 20

*Key Tronic Corp. v. United States,*
   511 U.S. 809 (1994) ................................................................................... 13

*Law Offices of David A. Boone v. Derham-Burk (In re Eliapo),*
   468 F.3d 592 (9th Cir. 2006) ....................................................................... 4

*Law v. Siegel,*
   134 S.Ct. 1188 (2014) ............................................................................... 28

*Lawrence v. Goldberg,*
   2008 U.S. Dist. LEXIS 124906 (S.D. Fla. Feb. 12, 2008) ........................ 26

*Lerner v. Ward,*
   13 Cal. App. 4th 155 (1993) ...................................................................... 21

*Maksym v. Loesch,*
   937 F.2d 1237 (7th Cir.1991) .................................................................... 20

*Martino v. Denevi,*
   182 Cal.App.3d 553 (1986) ....................................................................... 19

*Maui Police Dep't,*
   276 F.3d 1091 (9th Cir. 2002) ................................................................... 22

*Mele v. First Colony Life Ins. Co.,*
   127 B.R. 82 (D.D.C.1991) ......................................................................... 27

*Moothart v. Bell,*
   *21 F.3d 1499 (10th Cir.1994)* ..................................................................... 5

*Pacific Shores Dev., LLC v. At Home Corp. (In re At Home Corp.),*
   392 F.3d 1064 (9th Cir. 2004) ................................................................... 29

*PLCM Group, Inc. v. Drexler,*
   22 Cal.4th 1984 (2000) .............................................................................. 20

*Santisas v. Goodin*,
   17 Cal.4th 599 (1998) .................................................................. 15

*Scott v. Travelodge Corporation*,
   265 Cal. App. 2d 881 (1968) .......................................................... 21

*Smith v. Arthur Andersen LLP*,
   421 F.3d 989 (2005)....................................................................... 16

*Smith v. Edward & Hale, Ltd. (In re Smith)*,
   317 F.3d 918 (9th Cir. 2002) ........................................................... 4

*Solar Fin. Serv., Inc.*,
   255 B.R. 801 (Bankr. S.D. Fla. 2000) ........................................... 26

*TTT Hope, Inc. v. Hill (In re Powell)*,
   2008 U.S. Dist. LEXIS 67719 (S.D. Tex. Sept. 2, 2008) ................. 26

*United States v. Hinkson*,
   585 F.3d. 1247 (9th Cir 2009) ......................................................... 4

*Wells v. United States Steel & Carnegie Pension Fund, Inc.*,
   950 F.2d 1244 (6th Cir.1991) ........................................................ 20

*Williams v. California 1st Bank*,
   859 F.2d 664 ................................................................................. 16

*Wyle v. Howard, Weil, Labouisse, Friedrichs Inc. (In re Hamilton Taft
   & Co.)*,
   176 B.R. 895 (Bankr. N.D. Cal. 1995) .......................................... 16

*Wyler Summit P'ship v. Turner Broad. Sys.*,
   235 F.3d 1184 (9th Cir.2000) .......................................................... 4

## Statutes

11 U.S.C. § 105.................................................................................. 28

11 U.S.C. § 105(a).................................................................... 1, 6, 28

11 U.S.C. § 502.................................................................................. 17

11 U.S.C. § 542(a) ........................................................................ 9

11 U.S.C. § 542(a)(e) .................................................................... 9

11 U.S.C. § 544(b) ...................................................................... 16

11 U.S.C. § 544(b)(1) .................................................................... 8

11 U.S.C. § 550(a)(1) .................................................................... 8

11 U.S.C. § 550(a)(2) .................................................................... 9

11 U.S.C. § 704(a)(1) .................................................................. 27

11 U.S.C. § 727(d)(2) .................................................................... 9

11 U.S.C. § 727(e)(2)(B) ................................................................ 9

28 U.S.C. § 1334(a) ...................................................................... 2

28 U.S.C. § 1927 ........................................................................ 25

28 U.S.C. § 157(b)(2)(A) ................................................................ 2

28 U.S.C. § 158(a)(1) .................................................................... 2


Cal. Civ. Code §1717 ......................................................... 13, 14, 19, 29

Cal. Civ. Code § 3439.04 ................................................................ 8

Cal. Civ. Code § 3439.04(a)(2)(A) ...................................................... 8

Cal. Civ. Code § 3439.04(a)(2)(B) ...................................................... 8

Cal. Civ. Code § 3439.05 ................................................................ 8

Cal. Civ. Code § 3439.07 ................................................................ 8


FRBP 9006(d) ........................................................................... 24

FRBP 9011 ............................................................................... 2

FRBP 9011(b) .......................................................................... 1, 6


Cal. Local Bank.R. 9013-1(c) (3) ................................................... 3, 24

## Other Authorities

*8 Collier on Bankruptcy* § 6009.03. (*Alan N. Resnick & Henry J. Sommer eds.*, 16th ed. 2011) ................................................. 26, 27

# INTRODUCTION AND SUMMARY OF THE ARGUMENTS IN OPPOSITION TO THE APPEAL FROM THE DENIAL OF THE MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

Rosendo Gonzalez, Chapter 7 Trustee for Jay and Debra Johnson, James Andrew Hinds, Jr., Esq., and Hinds & Shankman, LLP (hereinafter collectively referred to as the "Appellees") successfully opposed the Motion for an Award of Attorney [sic] Fees (hereinafter referred to as the "Attorney Fee Motion") filed by the Defendants Jay W. Johnson, Debra F. Johnson, Jay Johnson, A.I.A. and Associates, Inc., Randal A. Johnson, Robin Litster Johnson, JJ&A Architects, Inc., and Q Financial Group, Inc. (hereinafter collectively referred to as the "Appellants") on several grounds.  First, as found by Judge Smith below, the Trustee was the real party-in-interest in the Adversary Proceedings, not Richard Lapides (hereinafter "Lapides").  Second, to the extent that the Appellants overturned the settlement between the parties in 2006, the Appellants waited too long to bring a claim for attorneys' fees under the failed Settlement Agreement. Third, under the so-called "American Rule," each party pays its own attorney's fees and costs arising out of litigation.  Fourth, sanctions under 11 U.S.C §105(a) and Federal Rules of Bankruptcy Procedure, Rule 9011(b) (hereinafter "Rule") are not warranted because at no time during the prosecution of the Adversary Proceedings did the Trial Judge make any findings that the actions of the Trustee

1

and his counsel were egregious, baseless, or in bad faith.  And fifth, the Attorney
Fee Motion cannot be upheld on appeal because the Attorney Fee Motion was
unsupported by admissible evidence and the Appellants failed to follow Rule
9011.[1]

## STATEMENT OF JURISDICTION

The United States Bankruptcy Court for the Central District of California
(the Honorable Erithe A. Smith, United States Bankruptcy Judge) had jurisdiction
over these core adversary proceedings "concerning the administration of the
estate" under 28 U.S.C. §§ 157(b)(2)(A) and 1334(a).  The bankruptcy court
entered a final order denying all of the Appellants' requests for an award of
attorneys' fees and costs to the Appellants on June 24, 2016.  [Excerpts of Record
Vol. 1 at pp. 29-43.]  The Appellants filed their Notice of Appeal on July 5, 2016.
[Appendix Vol. 2 187-188].  This Court has jurisdiction to hear this appeal from
the bankruptcy court's final order under 28 U.S.C. § 158(a)(1).

/ / /

/ / /

/ / /

---

[1] Appellants' claim that sanctions could be assessed by the Trial Court under Federal Rule of
Bankruptcy Procedure (hereinafter "Rule") 9011 appears to have been abandoned by the
Appellants.  As pointed by the Appellees' Opposition papers before the Trial Court, the
Appellants failed to follow the minimal guidelines mandated by Rule 9011.

## STATEMENT OF THE ISSUES

1.     Whether the Bankruptcy Court erred in application of the applicable legal standard governing the award of post-judgment attorneys' fees under California and Bankruptcy law?

2.     Whether the Bankruptcy Court erred in finding that the Trustee's claims in *Gonzalez I* and *Gonzalez II* were not, in any way, based on one or more of the contracts between Lapides and the Appellants?

3.     Whether the Bankruptcy Court afforded the Appellants suitable due process in light of the insufficient showing made by the Appellants at the Attorney Fee hearing and in the Attorney Fee Motion?

4.     Whether the Appellants met the requirements of Local Rule 9013-1(c) (3) and supplied with their initial Motion sufficient substantive and admissible evidence for the Trial Court below to make any finding in support of the Appellants' Attorney Fee Motion?

5.     Whether the Trial Court abused its discretion rejecting the Appellant's last minute request for an evidentiary hearing, or to supplement their briefing at the hearing on the Attorney Fee Motion?

6.     Whether the Bankruptcy Court erred in holding that the lengthy delay by the Appellants in bringing forth the issue of the potential

attorneys' fees allegedly incurred in objecting to the Trustee's enforcement of the 2005 Settlement Agreement constituted laches?

## STANDARD OF REVIEW

This Court on appeal will not disturb a bankruptcy court's ruling on an award of attorneys' fees absent an abuse of discretion or an erroneous application of the law. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Law Offices of David A. Boone v. Derham-Burk* (*In re Eliapo*), 468 F.3d 592, 596 (9th Cir. 2006); *Smith v. Edward & Hale, Ltd.* (*In re Smith*), 317 F.3d 918, 923 (9th Cir. 2002). Under the abuse of discretion standard of review, this Court first must determine *de novo* whether the trial court identified the correct legal rule to apply to the relief requested. *United States v. Hinkson*, 585 F.3d. 1247, 1262 (9th Cir 2009) (*en banc*). Then this Court must review the factual findings made in the course of ruling on the award of compensation for clear error. *See Friedman Enters. v. B.U.M. Int'l, Inc.* (In re B.U.M. Int'l, Inc.), 229 F.3d 824, 830 (9th Cir. 2000). *Wyler Summit P'ship v. Turner Broad. Sys.*, 235 F.3d 1184, 1193 (9th Cir.2000). *Apache Survival Coalition v. United States*, 118 F.3d 663, 665 (9th Cir.1997). "We review an award of attorney's fees for abuse of discretion." See, *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 989 (10th Cir.1996). "We will reverse the district court's factual findings only if we have 'a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of

permissible choice in the circumstances.' " *Moothart v. Bell,* 21 F.3d 1499, 1504

(10th Cir.1994) (quoting *McEwen v. City of Norman, Okla.,* 926 F.2d 1539, 1553-

54 (10th Cir.1991)).


## DESPITE ITS PROCEDURAL INFIRMITIES, THE APPELLANTS' ATTORNEY FEE MOTION WAS HEARD ON THE MERITS AND PROPERLY DENIED BY THE TRIAL COURT

Having prevailed at the trial of the Trustee's claims in *Gonzalez I* and

*Gonzalez II,* on March 11, 2016, the Appellants filed their Motion for an Award of

Attorney Fees.  The Attorney Fee Motion was supported only by the Declaration of

Burton V. McCullough, and a memorandum of points and authorities and reference

to "the pleadings and papers on file and upon such other matters as may be

presented to the court at the time of the hearing."  [Appendix Vol. 1 at pp. 21-22.]

The Attorney Fee Motion expressly made reference to Local Rule 9013-1 which

controls the presentation of evidence on motions filed before the Central District

Bankruptcy Court.

In response to the Attorney Fee Motion, the Appellees and Mr. Lapides filed

their respective timely Oppositions to Motion for an Award of Attorneys [sic] Fees

on Behalf of the Trustee and Trustee's Counsel.  [Appendix Vol. 1 at pp. 30-58

and 59 -155.]   The Trustee argued several points of fact and law in opposition to

the Attorney Fee Motion.  First, there is no contractual basis for an award of attorneys' fees and costs in this matter under California or Bankruptcy law. Second, the Trustee as a matter of well-established 9th Circuit law is immune from prosecution by the Appellants for the proper exercise of his business judgment to prosecute the claims in the two Adversary Actions against the Appellants.  Third, under the so-called "American Rule," each party pays its own attorney's fees and costs arising out of litigation.  Fourth, sanctions under §105(a) and FRBP 9011(b) are not warranted because the actions of the Trustee and his counsel during the course of the adversary proceedings was never found to be egregious, baseless, or in bad faith.  Fifth, sanctions under FRBP 9011(b) cannot be issued because the Appellants did not follow the proper procedure for requesting sanctions under FRBP 9011.  And sixth, the Attorney Fee Motion was unsupported by admissible evidence filed with the Attorney Fee Motion.  [Appendix Vol. 1 at pp. 30-58.]

The Trial Court considered the Attorney Fee Motion at a hearing held on May 31, 2016.  Prior to the hearing, the Trial Judge issued a lengthy Tentative Ruling denying the Attorney Fee Motion.  [Excerpts of Record Vol.1 at pp. 29-43.] At the May 31-hearing, Judge Smith entertained lengthy argument from Mr. McCullough on behalf of the Appellants.  In fact, at one point Judge Smith left the bench to research a legal issue regarding the application of *Chambers v. Nasco,*

*Inc.* (1991) 501 U.S. 32 raised for the first time by Mr. McCullough during oral argument. [Appendix Vol. 2 at p. 193:16 through p. 197:6.]

At the hearing Judge Smith reprimanded Mr. McCullough for failing to pinpoint the trial court to the exact evidence Mr. McCullough wanted the trial court to consider in support of the Appellants' request. Rather than follow the Local Rules, Mr. McCullough merely made a blanket reference to the 10-day trial record and his lengthy Closing Brief. [Appendix Vol. 1 pp. 10:7-9 and 20:9-12.] Thus, Judge Smith was left to "go-fish" for evidence which might in some way support the Appellants' contention of bad faith litigation conduct on the part of the Appellees. [Appendix Vol. 2 at pp. 221:18-25, 222, 232:1-234:10.]

After taking the time to review not only the parties' briefs in support and in opposition to the Attorney Fee Motion, having taken the time to review the new legal positions asserted by the Appellants during the hearing, and having entertained extensive argument from Mr. McCullough, Judge Smith correctly denied the Attorney Fee Motion on a number of grounds. [Excerpts of Record Vol. 2 at pp. 140-152 and 167-172.] This appeal followed the denial of the Attorney Fee Motion.

/ / /

/ / /

/ / /

## THE UNDERLYNG FACTS SUPPORT THE TRIAL COURT'S
## RULING ON THE ATTORNEY FEE MOTION

The Debtors, Jay and Debra Johnson filed a voluntary chapter 7 case on

April 5, 2001.  On May 8, 2001, Rosendo Gonzalez was appointed as the chapter 7

Trustee.  On June 2, 2003, the Trustee filed an Adversary Complaint against

Randal Johnson and JJ&A Architects, Inc. in the matter commonly called *Gonzalez*

*I*.  On September 22, 2004, the Trustee filed an Adversary Complaint against Jay

Johnson, Debra Johnson, Jay Johnson A.I.A & Associates, Inc., Randal Johnson,

Robin Johnson, JJ&A Architects, Inc., and Q Financial Group LLC in the matter

commonly called *Gonzalez II*.  The Trustees' claims in *Gonzalez I* were

consolidated for trial with the Trustees' claims in *Gonzalez II*.

In summary, the Trustee sought recovery from the Appellants, and each of

them, for the following: **(1)** to avoid fraudulent transfers pursuant to 11 U.S.C. §

544(b)(1) and California <u>Civil</u> <u>Code</u> sections 3439.04 and 3439.07; **(2)** to avoid

fraudulent transfers pursuant to 11 U.S.C. § 544(b)(1) and California <u>Civil</u> <u>Code</u>

sections 3439.05 and 3439.07; **(3)** to avoid fraudulent transfers pursuant to 11

U.S.C. § 544(b)(1) and California <u>Civil</u> <u>Code</u> sections 3439.04(a)(2)(A) and

3439.07; **(4)** for relief under 11 U.S.C. § 544(b)(1) and California <u>Civil</u> <u>Code</u>

sections 3439.04(a)(2)(B) and 3439.07; **(5)** to recover property or damages on

account of avoided transfers pursuant to 11 U.S.C. § 550(a)(1); **(6)** to recover

property or damages on account of avoided transfers pursuant to 11 U.S.C. § 550(a)(2) and; **(7)** to establish a Constructive Trust against the assets of the Defendants, and each of them; **(8)** for Injunctive Relief against the Defendants, and each of them; **(9)** for Revocation of the Debtors' Discharge pursuant to 11 U.S.C. § 727(d)(2) and (e)(2)(B); **(10)** for Turnover and Accounting pursuant to 11 U.S.C. § 542(a) and (e); and **(11)** for Conversion against the Defendants, and each of them. The only Plaintiff in *Gonzalez I* and *Gonzalez II* was Mr. Gonzalez, the Trustee. [Appendix Vol. 2 at p.185.]

The adversary proceedings were hotly contested from the onset. In anticipation of a trial before the Trial Court, the Trustee served and filed a number of Motions in Limine and other pre-trial motions based on the utter lack of cooperation from the Appellants during discovery in the cases. The majority of the Trustee's Motions were granted by the Trial Court, thus strictly limiting what trial exhibits and trial witnesses the Appellants could use in the matters.

On February 22, 2011, Randal Johnson filed his Motion for Summary Judgment, or In the Alternative, Motion for Summary Adjudication in *Gonzalez I*. On April 29, 2011, the Court issued its Order Denying In Part, And, Granting In Part, Motion For Summary Judgment Or, In the Alternative Summary Adjudication, Filed By Defendant Randal A. Johnson And Ruling on Motions to Strike Portions of The Declarations Filed In Support Thereof. The Trial Court

granted the Motion for Summary Judgment only as to the third claim in the Complaint in *Gonzalez I*. The Trial Court found that all other legal and factual issues were <u>legitimately triable</u>. <u>At no time in analyzing the parties' Motions for Summary Judgment did Judge Smith conclude that the Motions or the Responses were tendered in bad faith or for improper purpose</u>.

Cross-Motions for Summary Judgment were filed by the parties and argued on May 31, 2011 and denied by the Trial Court on September 12, 2012, January 23, 2013, and March 6, 2013. The Trial Court issued its Orders on the Cross-Motions for Summary Judgment and Evidentiary Objections filed in connection therewith, and its Findings of Facts and Conclusions of Law. As part of the rulings on the Motions for Summary Judgment, <u>at no point did the Trial Judge make a finding of the bad faith on the part of the Trustee and his counsel</u>. [Excerpts of Record Vol. 2 at p. 155:11-16.] In conjunction with the rulings on the Cross-Motions for Summary Judgment, the Trial Court ruled that the Trustee's expert Reports drafted by Mr. Lapides were admissible in support of the Trustee's claims in *Gonzalez I* and *Gonzalez II*. [Appendix Vol. 2 at pp. 206:4-25, 207-208.]

The trial in *Gonzalez I* and *Gonzalez II* was held on February 24-28, April 22-25, and October 20-24, 2014. In support of the Trustee's claims, the Trustee filed with the Court Trial Declarations for Messrs. Gonzalez and Lapides, copies of the Depositions taken of the Appellants and various third-parties, and two Expert

10

Reports from Mr. Lapides.  [Supp. Excerpts of Record Vol. 3 at pp. 241-460.]  At the trial, Messrs. Gonzalez, Lapides, and Jay Johnson each testified.  Over more than five-days, Mr. Lapides was cross-examined by the Appellants.  The matter was extensively briefed by the parties thereafter and after an extensive review of the trial transcripts, the Trial Court ruled on February 24, 2016, that the Trustee had failed to meet his burden of proof as to the claims asserted as part of *Gonzalez I* and *Gonzalez II*.  No appeal was taken from entry of the final judgment in *Gonzalez I* and *Gonzalez II* and these matters are at an end.  In fact, at no time during the over 15-year history of the Johnsons' chapter 7 case and related litigation, has Judge Smith ever cited the Trustee, or his counsel for acting in bad faith toward the Appellants.

## THE TRIAL COURT CORRECTLY FOUND THAT THERE WAS NO BASIS IN FACT OR LAW TO SUPPORT AN AWARD OF ATTORNEYS' FEES AND COSTS IN THE TRUSTEE'S PROSECUTION OF THE ADVERSARY PROCEEDINGS

Despite the lengthy arguments made as part of the Appellants' Opening Brief (hereinafter "AOB"), the Trial Court below got it right: the only parties to the Adversary Proceedings filed by the Trustee were the Trustee and the Appellants. The position of Mr. Lapides was solely that of a percipient witness, an expert

11

witness, and one of several unsecured creditors of the Johnson chapter 7 Estate.
So, while the AOB spends pages focused on an irrelevant review of the various
pre-petition contracts between Mr. Lapides and the Johnsons, none of these
contracts were held to be relevant, or material to the Attorney Fee Motion.

As stated by Judge Smith:

"I'm going to focus on the Trustee, because the Trustee was the named
plaintiff here, and I think really the Trustee is the only relevant party.  I
know there was a reference to Mr. Lapides, and there's reference to
agreements that he entered into.  Honestly, I think that's completely
irrelevant, because, this adversary proceeding, we're looking at who were
the parties, and the relevant party here was the Chapter 7 Trustee."

[Appendix Vol. 2 at pp. 205-206]  Hence, the Trial Court correctly
concluded that the various pre-petition contracts between Mr. Lapides and
the Appellants were irrelevant to the issue of attorneys' fees under California
law.

A. The Application Of The American Rule To The Facts Of This Case Is
   Dispositive.

Under the so-called "American Rule," each party pays its own attorney's
fees and costs arising out of litigation. *See Alyeska Pipeline Serv. Co. v.
Wilderness Soc'y*, 421 U.S. 240, 247 (1975).  An exception exists, however, when

12

specific authority granted by statute or contract – a so-called "fee-shifting" provision – states otherwise. *Id.* at 263; *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994).  After a thorough review of the facts, the Trial Judge correctly found that the Appellants can only do so if allowed by another statute or by another contract with the Trustee.  As shown below, there is no basis in fact or law to support the Appellants' claim for attorneys' fees costs in these matters.

Attorney's fees and costs may be awarded and declared non-dischargeable under the 1998 Supreme Court case of *Cohen v. De La Cruz*, 523 U.S. 213, 223 (1998), which has two prongs: **(a)** an underlying contract, or non-bankruptcy law must provide a right to recover attorneys' fees and costs, and, **(b)** the issues litigated in the dischargeability action must fall within the scope of the contractual or statutory attorneys' fees provision.  *See Fry v. Dinan* (*In re Dinan*), 448 B.R. 775, 785 (9th Cir. BAP 2011).  The Attorney Fee Motion failed on both prongs of this test.

By her ruling, Judge Smith embraced the controlling Ninth Circuit precedent on the issue of allowing attorneys' fees under disputed contracts under California *Civil Code* section 1717.  The Ninth Circuit's reasoning for refusing to award such fees is even broader: "where the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorneys' fees will not be awarded absent bad faith or harassment by the losing party."

13

*Fobian v. Western Farm Credit Bank (In re Fobian)*, 951 F.2d 1149, 1153 (9th Cir. 1991), *cert. denied*, 505 U.S. 1221 (1992).  Since the Trustee was not suing to enforce or seek relief under any contract between Mr. Lapides and the Johnsons, no attorneys' fees could be awarded the Appellants as a matter of law.  [Appendix Vol. 2 at pp.205-206.]

B.  <u>The Trustee's Claims In Gonzalez I and Gonzalez II Were In No Way Addressed To The Enforcement Of The Lapides/Johnson Settlement Agreement(s) Nor Their Note(s) And, Thus, There Was No Basis In Law For An Award of Attorneys' Fees Under California *Civil Code* 1717.</u>

The Appellants first contend that they have a right to attorneys' fees and costs under the attorneys' fees provisions in four agreements between the Appellants and Mr. Lapides. The primary basis for the award of attorneys' fees on this appeal is the concept of fee-shifting under California *Civil Code* section 1717. Under section 1717, a prevailing party may be awarded its reasonable attorney's fees and costs pursuant to a contract, which allows for such award.

A review the claims asserted by the Trustee as part of <u>Gonzalez I</u> and <u>Gonzalez II</u> shows that none of the Trustee's claims in the Adversary Proceedings were brought under any of these documents, nor is Mr. Lapides, a party to each of the documents, a party-plaintiff in the Trustee's Adversary Proceedings.  Thus, it is clear that an examination of Appellants' theories of recovery shows that the

14

Appellants did not prevail on claims for relief "on the contract" for purposes of section 1717. *See Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 708; *Santisas v. Goodin*, (1998) 17 Cal.4th 599, 615. Thus, this appeal should be denied on this basis.

Judge Smith correctly concluded as part of the hearing on Attorney Fee Motion that: **(1)** Mr. Lapides was not a "plaintiff" in *Gonzalez I* or *Gonzalez II*, and that only the Trustee was the real party in interest in these matters; **(2)** the Trustee did not seek to enforce the provisions of any of the Lapides/Johnson agreements and/or documents; and **(3)** the Trustee's claims in *Gonzalez I* and *Gonzalez II* sought to avoid fraudulent transfers and to revoke the Debtors' discharge. Thus, reference to the contracts pre-petition between Mr. Lapides and the Johnsons could not, as a matter of law, have any bearing on fee shifting under California *Civil Code* section 1717. So, contrary to the arguments of the Appellants, Gonzalez and Lapides are not "joined at the hip." [Appendix Vol. 2 pp. 205-206.]

The Supreme Court and the Ninth Circuit have both held, however, that bankruptcy trustees do not have standing to prosecute actions against third-parties on behalf of creditors as opposed to on behalf of a debtor. *See, e.g., Caplin v. Marine Midland Grace Trust Company of New York*, 406 U.S. 416, 434 (1972) ("[P]etitioner [the bankruptcy trustee] does not have standing to sue an indenture trustee [non-debtor third party] on behalf of debenture holders [creditors of the

estate].");  *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 ("'[i]t is well settled that a bankruptcy trustee has no standing generally to sue third parties on behalf of the estate's creditors, but may only assert claims held by the [debtor himself].'");  *Williams v. California 1st Bank*, 859 F.2d 664, 667 (9th Cir. 1988), quoting, *In re: Ozark Equipment Co., Inc.*, 816 F. 2d 1222, 1228 (8th Cir. 1987) ("'Congress' message is clear—no trustee, whether a reorganization trustee as in *Caplin* or a liquidation trustee[,] has power under . . . the Code to assert general causes of action, such as [an] alter ego claim, on behalf of the bankrupt estate's creditors.'").  Instead, "[a] trustee's only authority to assert creditor's state-law causes of action [against third parties] related to fraudulent conveyances is found in section 544(b) of the Bankruptcy Code." *Wyle v. Howard, Weil, Labouisse, Friedrichs Inc. (In re Hamilton Taft & Co.)*, 176 B.R. 895, 902 (Bankr. N.D. Cal. 1995).

C. The Trustee s Not A Successor-In-Interest To Mr. Lapides.

In response to Judge Smith's well-reasoned analysis on the issue, the Appellants now come forward with an argument which was not raised and briefed below: *viz.* that the Trustee prosecuted the *Gonzalez I* and *Gonzalez II* matters as the successor-in-interest to Mr. Lapides as the only creditor in the Johnson Bankruptcy Estate.  [AOB pp. 17-18.]  The Appellants' argument fails not just because it was never raised below, but because the record in the chapter 7 case

shows that the Johnsons admitted to having several unsecured creditors of at least $1,690,999.00.

At the trial of the Adversary Proceedings, the Trustee admitted into evidence the Debtors' sworn Schedule F, as amended, which identified 10 unsecured creditors holding claims of more than $1,690,999.00. [Supp Excerpts Vol. 3 at pp. 499-500.] Second, at trial, Debtor Jay Johnson admitted that the Debtors had at least 10 unsecured creditors holding claims of more than $1,690,999.00. [Supp Excerpts Vol. 3 at pp. 469-470.] And third, at trial, the Trustee testified that he relied upon the Debtors' sworn Schedules, which identified unsecured creditors holding claims against the Estate. [Supp Excerpts Vol. 3 at pp. 748-483.] Thus, for the Appellants to argue that "[t]here was not evidence of another creditor holding an unsecured claim allowable under 11 USC § 502 that could avoid the transfer of an interest of the debtors in property under the UFTA," is just an outright sanctionable lie. [AOB p. 18.]

D. The Trial Court Correctly Applied The Doctrine Of Laches To The Facts Of This Case Under The 2005-Settlement Agreement.

It is Hornbook law that the law requires people to act promptly to enforce their rights. One of the questions presented by this appeal is whether Judge Smith erred in *sua sponte* applying laches on the facts of this case at the hearing on the

Attorney Fee Motion.  [Appendix Vol. 2 at pp.230-231.]   The Appellees contend

that under the facts of this case, the law favors Judge Smith's ruling.

Laches is primarily concerned with prejudice.   Here the Appellants contend

that they have rights to seek their attorneys' fees from their efforts to undo the

settlement brokered by Judge Mitch Goldberg (ret.) in 2005.  [AOB pp. 27-29.]

Having agreed on the record before Judge Goldberg to the terms of a settlement

with the Trustee, having had the Trustee draft an extensive Settlement Agreement,

having vested in Judge Goldberg the power to finalize the terms of the settlement,

and after Judge Smith herself approved the terms of the settlement, in 2006, the

Appellants moved for reconsideration of the approval order which Judge Smith

granted in September of 2007.  The Appellants then sat on their rights, if any, from

2007 through the trial on the merits to then assert a right to attorneys' fees for

undoing the confirmed settlement in 2016.

As a matter of law, a fee motion must be filed and served within the time for

filing a notice of appeal.  *See,* Rule 7054 and FRCP 54 (d)(2)(b)(i).  Thus, the

applicable statute has long since run and no relief could be granted to the

Appellants at this late date.  The Appellant's Attorney Fee Motion was late and the

Appellants failed to explain the lengthy delay in bring this issue to the attention of

the Trial Court.  Judge Smith correctly ruled that the unexcused delay on the part

of the Appellants amounted to laches.

18

The Attorney Fee Motion would under California *Civil Code* section 1717

has to been supported by "sufficient evidence" as to the nature and value of the

services. *Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559.   A review of the

record presented to Judge Smith below shows that the Appellants made no effort to

meet the *Martino* standard.   The Attorney Fee Motion was supported only by a

two-page declaration of Mr. McCullough and copies of his bills to his clients.

[Appendix Vol. 1 at pp. 21-22.]   There was no analysis supported to the Trial

Court below from which the Trial Court could assess the value, if any, supplied by

any of Mr. McCullough's efforts as to any particular matter, including the 2005

Settlement Agreement.   As a matter of proof, the Attorney Fee Motion failed under

controlling law.

Given the delay of nine-years the Trial Court correctly held that the elements

of laches were met.   There is thus nothing inherently contradictory about saying

that an action that may be brought under a statute but is nonetheless subject to an

equitable limitation based on prejudicial delay.   *See Couveau v. Am. Airlines*, 218

F.3d 1078, 1083 (9th Cir. 2000) ("To establish laches a defendant must prove both

an unreasonable delay by the plaintiff and prejudice to itself."); *Apache Survival

Coalition v. United States*, 118 F.3d 663, 665 (9th Cir. 1997) ("To establish the

defense of laches, a party must show prejudice caused by the opposing party's lack

of diligence in pursuing its claim.").   This fact is implicitly recognized in the

19

doctrine that a claim may be barred by laches even if the statute of limitations for the claim has not expired.  *See, Jackson v. Axton*, 25 F.3d 884, 887 (9th Cir. 1994) (noting "[s]tatutes of limitations bar claims only upon the passage of time;  laches bars claims because prejudice would otherwise result to the defendant"); *see also Wells v. United States Steel & Carnegie Pension Fund, Inc.*, 950 F.2d 1244, 1250 (6th Cir.1991) (noting laches may ripen within a time that is short of the applicable period of limitations); *Maksym v. Loesch*, 937 F.2d 1237, 1248 (7th Cir.1991) (noting that, because laches focuses on harm caused by delay, "the fact that [a plaintiff] sued [a defendant] within the statutory period does not defeat the defense of laches").  *See Brown v. Cont'l Can Co.*, 765 F.2d 810, 814 (9th Cir.1985) ("Laches is an equitable doctrine.  Its application depends upon the facts of the particular case.").

E.  The Trial Court's Decision Not To Award Attorneys' Fees To The Appellants Was Well Within The Trial Court's Discretion Under the Law.

While an argument could be made under California law that the Appellants had the right to seek attorneys' fees for their attack on the 2005 Settlement Agreement, the award of fees is, of course, discretionary.  *See PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095, 1097.  California courts are in agreement that "[t]he determination of the recoverable fee was a question of fact within the

discretion of the trial court." *Scott v. Travelodge Corporation*, 265 Cal. App. 2d 881, 887 (1968). The trial court's determination as to attorney's fees will remain absent a clear abuse of discretion. *See, Lerner v. Ward*, 13 Cal. App. 4th 155, 158 (1993), *quoting, Bussey v. Affleck*, 225 Cal. App. 3d 1162, 1165 (1990) ("'An award of attorney fees is a matter within the sound discretion of the trial court and absent a manifest abuse of discretion the determination of the trial court will not be disturbed.'")

F. The Attorney Fee Motion Was Devoid Of Any Proof Of Bad Faith On The Part Of The Trustee And His Counsel.

The Appellants argue that this Court has the inherent power to sanction and award attorneys' fees against a party for "bad faith." [AOB p. 29] To exercise its inherent authority, a court "must make an express finding that the sanctioned party's behavior constituted or was tantamount to bad faith." *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1244 (9th Cir. 2016) (internal quotations omitted) (quoting *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)). Bad faith for the purposes of imposing sanctions under a court's inherent authority may be found where a party delays or disrupts litigation, destroys evidence, commits a fraud on the court, or engages in other actions that defile " the very temple of justice." *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d at 1244 (internal quotations and alterations omitted) (quoting *Chambers v. NASCO, Inc.*, 501 U.S.

21

32, 46 (1991)).  Recklessness coupled with "something more—such as an improper

purpose" may also be considered bad faith for the purpose of issuing sanctions

pursuant to a court's inherent power.  *Fink v. Gomez,* 239 F.3d 989, 993; *see also*

*B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1108 (9th Cir. 2002) (holding

counsel's reckless and knowing conduct tantamount to bad faith).

A review of the Attorney Fee Motion shows that there is no factual or

evidentiary support for an award in this matter.  At the hearing on the Attorney Fee

Motion, Judge Smith, who had lived with the adversary proceedings for

approximately 10-years, refused to make a finding of "bad faith" on the part of the

Trustee or the Trustee's counsel and expert witness.  As stated by Judge Smith:

> "So, here, when I'm looking at this -- and I read the
> motion, and I read the opposition that was filed.  I read the
> reply.  I actually went back and looked at portions of my 161
> pages of trial notes, and I looked at the docket.  It goes quite a
> ways.  It probably doesn't even go back to the very beginning,
> because this case transferred over from Los Angeles.
>
> "I just wasn't persuaded by anything in the moving paper
> or the reply that there was any reason for me to make a finding
> of bad faith, because I have to do it not on "Well, this is a really
> long case, and the Trustee lost, and, you know, the evidence
> didn't hold up.  The report didn't hold up, equals bad faith.
> That's a huge leap.  Okay?"

[Appendix Vol. 2 at p. 208:12-25.] Judge Smith continued on the record concluding as follows:

> "So I assumed for the purposes of this decision that I had authority, that I have inherent authority to engage in fee-shifting when there has been evidence of bad faith. Ultimately, I then turned to the evidence, and I just could not make that finding, the findings that I'd need to make in order to grant the relief that's requested here, again, on the basis of bad faith litigation tactics."

[Appendix Vol. 2 at p. 210:8-14.]

The Appellants' reliance on *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) is unavailing for a number of reasons. First, as noted by Judge Smith at the hearing, the *Chambers* argument was not included and argued as part of the Appellants' moving papers. Judge Smith so far as to take a lengthy recess in the proceedings to go into chambers and try to access the briefs in the *Chambers* case to access the new arguments made by Mr. McCullough at the hearing. [Appendix Vol. 2 at pp. 202-204.] Ultimately, Judge Smith concluded as follows:

> "What you are arguing to me today are arguments that were not made, but if they were intended for this Court to rely on, those arguments should have been in the motion. Okay? The local rules are very clear, and, again, when you're talking about following procedures, Chambers, I don't know what procedures they followed."

23

[Appendix Vol. 2 at p. 204:8-13.]  Judge Smith correctly concluded that the record presented by the Appellants was insufficient to meet the standard articulated by the Supreme Court for findings of bad faith.  [Appendix Vol. 2 at pp. 208-209.]

> G. <u>The Attorney Fee Motion Failed To Follow The Local Rule In Providing Judge Smith With Evidence In Support Of The Relief Sought</u>.

Central District Bankruptcy Local Rule 9013-1(c) (3), entitled "Motion" required that every motion file be supported by evidence.  The Rules reads as follows:

> There must be served and filed with the motion and as a part thereof:
>
> (A)   *Duly authenticated copies of all photographs and documentary evidence that the moving party intends to submit in support of the motion, in addition to the declarations required or permitted by FRBP 9006(d)*; and
>
> (B)   A written statement of all reasons in support thereof, together with a memorandum of the points and authorities upon which the moving party will rely.  (Emphasis added.)

California Central District Bankruptcy, Local Rule 9013-1(c) (3).

Judge Smith found that the Attorney Fee Motion violated the Local Rule and lacked any evidence to show bad faith on the part of the Trustee, or his counsel.  According to Judge Smith: "And so a party who is filing a motion in this

24

court has to be able to follow the local rules that requires that there be evidence, even when you're talking about voluminous pleadings, that were not done in this case." [Appendix Vol. 2 at pp. 204:21-25.] Thus, as a matter of law, the Attorney Fee Motion was properly denied.

An attorney has a duty to conduct a reasonable factual investigation, as well as to perform adequate legal research that confirms that his position is warranted by existing law (or by a good faith argument for a modification or extension of existing law). *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). Judge Smith properly measured the conduct of the Trustee and the Trustee's counsel "objectively against a reasonableness standard, which consists of a competent attorney admitted to practice before the involved court." *In re Grantham Bros.*, 922 F.2d 1438,1441 (9th Cir. 1991). As part of the oral ruling in this matter on February 24, 2016, the Trial Court *did not* set forth any findings of fact pointing to any conduct on the part of the Trustee and his counsel which might have violated Rule 9011, 28 U.S.C. § 1927, nor did the Trial Court make a finding of any bad faith. Hence, this appeal lacks merit.

/ / /

/ / /

/ / /

/ / /

25

## THE TRUSTEE AND HIS COUNSEL IN THIS CASE ARE IMMUNE FROM SANCTIONS OR ATTORNEYS' FEES BECAUSE THE TRUSTEE'S CONDUCT, AND THE CONDUCT OF HIS COUNSEL, WAS AT ALL TIMES WITHIN THE SCOPE OF THE TRUSTEE'S STATUORY DUTIES UNDER THE CODE

While the Trial Judge was not required to address this issue, there is almost a universal agreement that bankruptcy trustees are entitled to judicial immunity from personal liability for acts taken within their authority as court officers. *Barbee v. Price Waterhouse, LLP (In re Solar Fin. Servs.)*, 255 B.R. 801, 803 (Bankr. S.D. Fla. 2000); *TTT Hope, Inc. v. Hill (In re Powell)*, 2008 U.S. Dist. LEXIS 67719, *34-35 (S.D. Tex. Sept. 2, 2008). When acting pursuant to an order of court, a bankruptcy trustee is generally afforded absolute immunity. *See e.g., Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981); *Lawrence v. Goldberg*, 2008 U.S. Dist. LEXIS 124906, *31-32 (S.D. Fla. Feb. 12, 2008). When not acting pursuant to an order of court, a bankruptcy trustee is generally afforded qualified immunity. *See, e.g., TTT Hope, Inc. v. Hill (In re Powell)*, 2008 U.S. Dist. LEXIS 67719, *35; *Solar Fin. Serv., Inc.*, 255 B.R. 801, 803 (Bankr. S.D. Fla. 2000).

*Collier* also provides the first reference researchers will find to personal liability of trustees as follows: "The trustee appears in his or her legal capacity and is entitled to Derived Judicial Immunity." *See, 8 Collier on Bankruptcy § 6009.03.*

26

(*Alan N. Resnick & Henry J. Sommer eds.*, 16th ed. 2011). As fiduciaries for all interested parties, bankruptcy trustees must often make difficult decisions which unavoidably disturb or dissatisfy one party or another. Thus, in this matter as a matter of law the Trustees is immune from the claims of disaffected parties.

The Trial Judge below affirmed the obligation of the Trustee to "investigate the financial affairs of the debtor [. . .] collect and reduce to money the property of the estate . . . , and close such estate as expeditiously as is compatible with the best interests of parties in interest," 11 U.S.C. § 704(a)(1). [Appendix Vol. 2. pp. 215-216.] Included within a trustee's statutory obligations are the duty to examine the debtor's books and records (*see In re Island Amusement, Inc.*, 74 B.R. 18, 20 (Bankr. D.P.R. 1987)), and to investigate and litigate potential lawsuits that might be brought on behalf of the debtor (*see Mele v. First Colony Life Ins. Co.*, 127 B.R. 82, 86 (D.D.C.1991)). Failure to perform these duties expeditiously subjects the trustee to removal or liability for damages. *See, Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339, 1357 (9th Cir.1983); *Ernst & Young v. Matsumoto (In re United Ins. Mgmt., Inc.)*, 14 F. 3d 1380, 1386 (9th Cir. 1994). The Attorney Fee Motion utterly fails to provide a factual basis for an award of fees in this case based on the record presented to the Trial Court.

/ / /

/ / /

# THE APPELLANTS' RELIANCE ON 11 U.S.C. § 105 IS MISPLACED AND CANNOT BE THE FOUNDATION FOR AN AWARD OF ATTORNEYS' FEES IN THIS MATTER

The Appellants strongly inferred that the Trial Judge and this Court have the power to sanction the Appellees under 11 U.S.C. § 105. [AOB pp. 3.] The clear weight of authority in the Ninth Circuit and beyond shows the inherent absurdity of this line of thought.

It is now well understood that the bankruptcy court (nor this Court) may not use its 'inherent' powers under 11 U.S.C. § 105(a) to impose extraordinary sanctions or attorneys' fees in violation of the so-called American Rule on fee shifting. The authorities cited by the Appellants all predate the recent United States Supreme Court decision of *Law v. Siegel*, 134 S.Ct. 1188, 188 L.Ed.2d 146, 82 USLW 4140 (March 4, 2014), which held in part that federal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Bankruptcy Code. In so holding, the Court specifically stated that "[C]ourts' inherent sanctioning powers are likewise subordinate to valid statutory directive and prohibitions ". . . 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code.'" *Law v. Siegel*, 134 S.Ct. at 1194, quoting in part, *Northwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).

28

Similarly, Ninth Circuit authorities have stated that in the exercise of its § 105(a) authority, a bankruptcy court has broad discretion to shape equitable remedies which further Congressional intent. *Pacific Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1070 (9th Cir. 2004) ("[A] bankruptcy court must locate its equitable authority in the Bankruptcy Code."). "[S]tatutory silence alone does not invest a bankruptcy court with equitable powers. Those powers are limited and do not amount to a "roving commission to do equity.' *Id.*, quoting in part, *Saxman v. Educ. Credit Mgmt. Corp. (In re Saxman)*, 325 F. 3d 1168, 1175 (9th Cir. 2003). The reference to a 'roving commission to do equity' is derived from *In re Yadidi*, 274 B.R. 843, 848 (9th Cir. B.A.P. 2002) ("§ 105 is not a roving commission to do equity or to do anything inconsistent with the Bankruptcy Code"). The Attorney Fee Motion seeks to expand the scope and power of § 105 well beyond what Congress intended and thus the Attorney Fee Motion must fail.

## CONCLUSION

Based on the foregoing, the Appellees respectfully submit that the Trial Court's decision is fully supported by the record below and controlling case law. The Attorney Fee Motion was devoid of any proof or facts to support an award of sanctions or attorneys' fees under California *Civil Code* section 1717. Only the

Trustee was a party plaintiff in the adversary proceedings. At no time did the Trial Court cite the Trustee or his counsel for any act of bad faith and in fact the record supports the fact that the Trustee actively and aggressively pursued those rights granted to the Trustee under the Code.  The final ruling of Judge Smith must be upheld by this Court.

Dated: October 6, 2016

> Respectfully submitted,
>
> JAMES ANDREW HINDS, JR.
> PAUL R. SHANKMAN
> RACHEL M. SPOSATO
> HINDS & SHANKMAN, LLP
>
> By: _____
> JAMES ANDREW HINDS, JR.
> Attorneys for Appellees Rosendo Gonzalez and
> James Andrew Hinds, Jr.

30

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 6,962 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(&)(B)(iii), as counted by WORD 2016.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WORD 2016 in 14-point font size and Times New Roman type style.

Dated: October 6, 2016

Respectfully submitted,

JAMES ANDREW HINDS, JR.
PAUL R. SHANKMAN
RACHEL M. SPOSATO
HINDS & SHANKMAN, LLP

By:
JAMES ANDREW HINDS, JR.
Attorneys for Appellees Rosendo Gonzalez and
James Andrew Hinds, Jr.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 21257 Hawthorne Blvd., Second Floor, Torrance, California 90503.

On October 6, 2016, I served the following document described as **APPELLEES' RESPONSE BRIEF** on all other parties to this action by placing a true copy of the above document enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

**/XX/   BY OVERNIGHT MAIL** - I placed each such sealed envelope, postage thereon fully prepaid for first-class mail, for collection and mailing at 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503, following ordinary business practices. I am familiar with the practice of Hinds & Shankman, LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

**/XX/   BY MAIL** - I placed each such sealed envelope, postage thereon fully prepaid for first-class mail, for collection and mailing at 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503, following ordinary business practices. I am familiar with the practice of Hinds & Shankman, LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

## /XX/   BY COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

I declare under penalty of perjury and the laws of the State of California that the above is true and correct.

Executed on this 6th day of October 2016, at Torrance, California.

_____
MAYRA DURAN

## SERVICE LIST

**Via CM/ECF:**

- James Andrew Hinds , Jr
  jhinds@jhindslaw.com

- Mitchell B Ludwig
  mbl@kpclegal.com

- Burton V McCullough
  lexchexrex@sbcglobal.net

**BY MAIL:**

Burton V McCullough, Esq.                    Attorney for Appellants
Burton V McCullough Law Offices
4205 Encinas Drive
La Canada, CA 91011


Mitchell B Ludwig, Esq.                      Attorney for Appellees
Knapp Petersen and Clarke                    Richard and Janis Lapides
550 North Brand Boulevard Suite 1500
Glendale, CA 91203-1094



**BY OVERNIGHT MAIL:**

Honorable Beverly Reid O'Connell
United States District Court Judge
United States Courthouse
312 N. Spring Street, Courtroom 14 (Spring Street Level)
Los Angeles, CA 90012