UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 16-01257 BRO | Date | January 23, 2017 |
|---|---|---|---|
| Title | IN RE JAY W. AND DEBRA F. JOHNSON | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:**     (IN CHAMBERS)

## ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER DENYING MOTION FOR ATTORNEYS' FEES

This matter is on appeal from the United States Bankruptcy Court for the Central District of California. Appellant-Defendants Jay W. Johnson, Debra F. Johnson, A.I.A. and Associates Inc., Randal A. Johnson, Robin Lister Johnson, JJ&A Architects, Inc., and Q Financial Group, Inc. (collectively, "Appellant-Defendants") were the prevailing parties in two adversary proceedings initiated against them by Rosendo Gonzalez, the Trustee for Debtors Jay W. and Debra F. Johnson ("Debtors" or "the Johnsons"). Appellant-Defendants moved for attorneys' fees. On June 24, 2016, the Bankruptcy Court entered an order denying the motion. Appellant-Defendants timely filed this appeal. The Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1). The Court has considered the papers filed in connection with the appeal and the authorities and record citations referenced therein. The Court finds this matter appropriate for resolution without oral argument of counsel. (*See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.) For the reasons explained below, the Court AFFIRMS the Bankruptcy Court's order and DENIES Appellant-Defendants appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 16-01257 BRO | Date | January 23, 2017 |
|---|---|---|---|
| Title | IN RE JAY W. AND DEBRA F. JOHNSON | | |

## I.     BACKGROUND

Los Angeles sits "forlornly in the middle of an arid coastal basin," far from any significant source of freshwater.  MARC REISNER, CADILLAC DESERT 53 (1993 ed.).  Much of the region's history has been defined by the natural scarcity of freshwater.  *See id.* at 52–103.  This case, like countless others, owes its existence to that scarcity.

In early 1987, Jay and Debra Johnson purchased two properties in La Cañada, California, which they hoped to subdivide and convert into a residential development.  (Dkt. No. 8-1 at 3, ¶ 13).  In August 1987, the Johnsons sold one of the properties to Richard Lapides, an acquaintance from their church.  (*Id.* ¶ 14).  In early 1992, Jay Johnson was giving a presentation on his subdivision plan to the city planning commission when, "to the amazement of everyone present," a representative of the La Cañada Irrigation District stood up and announced:  "I think I should tell you there is no access to water on that property."  (*Id.* at 10–11, ¶ 24).

When Johnson told Lapides the news, he was livid.  Lapides began making threats to sue the Johnsons, the escrow company, the title company, the City of La Cañada, and others.  (*Id.*)  In August 1993, the Johnsons entered a settlement agreement with Lapides to discharge any claims he might have against them based on the August 1987 sale.  (*Id.* at 13, ¶ 29).  That agreement (the "1993 Settlement Agreement") provided, among other things, that the Johnsons would sign a note for $225,000 plus interest from the date Lapides purchased the property, payable at a rate of $500 per month with the balance due in three years unless work commenced on a project to obtain water for the properties.  (*Id.*)  The Johnsons signed a promissory note in connection with the 1993 Settlement Agreement (the "1993 Johnson Note").

The first payments on the 1993 Johnson Note were due in September and October 1993.  (*Id.* at 14–15, ¶ 33).  The Johnsons were experiencing financial difficulties, and their checks were returned for insufficient funds.  (*Id.*)  As a result, Lapides declared the full amount of the note due, and filed a lawsuit to collect the funds in the Superior Court of California, County of Los Angeles.  (*Id.*)  Lapides secured a default judgment against the Johnsons for approximately $384,000.  (*Id.* at 16, ¶ 35).  On May 27, 1994, the Johnsons signed a new promissory note for $400,000 payable to Lapides (the "1994 Johnson Note").  (*Id.* at 16–17, ¶ 38).  The 1994 Johnson Note required the Johnsons to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 16-01257 BRO | Date | January 23, 2017 |
|---|---|---|---|
| Title | IN RE JAY W. AND DEBRA F. JOHNSON | | |

make payments of $500 per month with the balance due in two years, unless the Johnsons elected to extend the note for an additional year, in which case payments would increase to $1,000 per month. (*Id.* at 17, ¶ 40).

The Johnsons began making monthly payments on the 1994 Johnson note but were unable to pay off the balance. Lapides continued to raise the required monthly payment, and by 1999, the Johnsons were paying him $2,500 per month. (*Id.* at 22–23, ¶¶ 65–66, 71). Around this time, Jay's brother, Randy Johnson, agreed to start making payments on the 1994 Johnson Note. (*Id.* at 23, ¶ 71). Randy Johnson then negotiated a new settlement agreement with Lapides (the "2000 Settlement Agreement"). (*Id.* at 23, ¶ 72). The 2000 Settlement Agreement required a payment of $10,000 upon signing, with monthly payments of $2,500 thereafter. (*Id.*, ¶ 73). Randy Johnson made the initial payment and continued to make monthly payments on Jay Johnson's behalf. (*Id.*) However, it soon became clear that Randy Johnson would not be able to continue making payments. (*Id.* at 24–25, ¶ 77). At this point, the Johnsons sought bankruptcy protection.

On April 5, 2001, the Johnsons filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. (Dkt. No. 8-1 at 33). Rosendo Gonzalez was appointed as the Chapter 7 Trustee. (*Id.*) On June 3, 2003, Gonzalez filed an adversary complaint against Randy Johnson, his wife Robin Johnson, JJ&A Architects, Inc. (Jay Johnson's company), and Q Financial Group, LLC (Randy Johnson's company), to avoid allegedly fraudulent transfers of real property and business asset value. (*Id.*) This action is referred to as *Gonzalez I*. On September 22, 2004, Gonzalez filed a second adversary complaint against all of the Appellant-Defendants, seeking to revoke the Debtors' discharge based on the allegation that the Debtors had knowingly and fraudulently overstated their liabilities, understated their income, and failed to deliver or surrender certain property interests to the Estate. (Dkt. No. 10-1 at 13). This action is referred to as *Gonzalez II*.

In an effort to resolve these proceedings, the Johnsons, Lapides, and Gonzalez engaged in voluntary private mediation. A settlement agreement was drafted, but never signed by the Johnsons (the "2005 Settlement Agreement"). Lapides and Gonzalez took the position that the 2005 Settlement Agreement was binding; the Johnsons disagreed. The Bankruptcy Court initially agreed with Lapides and Gonzalez, but subsequently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 16-01257 BRO | Date | January 23, 2017 |
|---|---|---|---|
| Title | IN RE JAY W. AND DEBRA F. JOHNSON | | |

granted the Johnsons' motion for reconsideration and declared the 2005 Settlement Agreement to be unenforceable. (*See id.* at 37).

Thereafter, the two *Gonzalez* proceedings were consolidated for trial. On February 24, 2016, the Bankruptcy Court ruled in favor of the Appellant-Defendants on all claims. (*Id.* at 34). On March 11, 2016, Appellant-Defendants filed a motion for attorneys' fees. (*Id.*) On June 6, 2016, the Bankruptcy Court issued a tentative ruling denying the motion. (*Id.* at 30). After a hearing, the court formally adopted the tentative ruling and denied Appellant-Defendants' motion. (*Id.* at 31). This appeal followed.

## II. STANDARD OF REVIEW

A district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Fed. R. Bankr. P. 8013; *In re Gebhart*, 621 F.3d at 1209. "The clear error standard is significantly deferential and is not met unless the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011) (internal quotation marks omitted). Thus, a court's factual determination is clearly erroneous only if it is illogical, implausible, or "without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (internal quotation marks omitted).

## III. DISCUSSION

"In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Notwithstanding this general rule, a federal court may award attorneys' fees where a statute or enforceable contract authorizes such an award (*id.* at 257), or as a sanction against a party that "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (quoting *Alyeska*, 421 U.S. at 258–259). In the proceeding below, Appellant-Defendants argued that they were entitled to attorneys' fees (1) pursuant to the 1993 Settlement Agreement, the 1993 Johnson Note, the 1994 Johnson Note, or the 2005 Settlement Agreement (the "Settlement Agreements") or (2) pursuant to the Bankruptcy Courts' inherent power to sanction litigants for bad-faith conduct. The Bankruptcy Court disagreed on both points. Appellant-Defendants now seek review.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 16-01257 BRO | Date | January 23, 2017 |
|---|---|---|---|
| Title | IN RE JAY W. AND DEBRA F. JOHNSON | | |

### A. Whether the Bankruptcy Court Erred in Holding that Appellants Were not Entitled to Attorneys' Fees under the Settlement Agreements

Although "[n]o general right to attorney fees exists under the Bankruptcy Code . . . a prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997).  The substantive issue raised in *Gonzalez I*—whether the alleged transfer of real property and business asset value was voidable—was governed by California law.  *See* 11 U.S.C. § 544(b)(1) ("the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim"); *In re Andersen*, 166 B.R. 516, 523 (Bankr. D. Conn. 1994) ("The 'applicable law' referred to in [§ 544(b)(1)] is the applicable state fraudulent conveyance statute.").  Thus, the Court looks to California law to determine whether Appellant-Defendants are entitled to attorneys' fees with respect to that action.

The relevant California statute provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a).  As the text indicates, there are three prerequisites to an award of attorneys' fees under this provision.  "First, the action in which the fees are incurred must be an action 'on a contract.'"  *In re Penrod*, 802 F.3d 1084, 1087 (9th Cir. 2015).  "Second, the contract must contain a provision stating that attorney's fees incurred to enforce the contract shall be awarded either to one of the parties or to the prevailing party."  *Id.*  "And third, the party seeking fees must be the party who 'prevail[ed] on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 16-01257 BRO | Date | January 23, 2017 |
|---|---|---|---|
| Title | IN RE JAY W. AND DEBRA F. JOHNSON | | |

contract.'" *Id.* at 1087–88 (citation omitted).  "[A]n action is 'on a contract' when a party seeks to enforce, or avoid enforcement of, the provisions of the contract." *Id.* at 1088.

In the proceeding below, Appellant-Defendants sought attorneys' fees under Cal. Civ. Code § 1717(a), arguing that *Gonzalez* proceedings were "on a contract" because they were predicated on the Settlement Agreements.  The Bankruptcy Court disagreed.  In its tentative ruling, incorporated by reference in the final order, the court explained:

> Here, the conditions for § 1717 are not met.  Under California law, an action is 'on a contract' when a party seeks to enforce, or avoid enforcement of, the provisions of the contract.  In the Motion, Defendants contend that they have a right to attorneys' fees and costs under the attorneys' fees provisions in four separate agreements: (1) the 1993 Settlement Agreement; (2) the 1993 Johnson Note; (3) the 1994 Johnson Note; and (4) the 2005 Settlement Agreement.  However, a review of the claims asserted by the trustee in *Gonzalez I* and *II* shows that none of these claims for relief were brought under these agreements and/or documents.  The Trustee did not seek to enforce, or avoid enforcement of, the provisions of any of these agreements and/or documents.  Rather, the Trustee sought to avoid fraudulent transfers and revoke Debtors' discharge.

Doc. 8-1 at 36 (internal citations omitted).

Appellant-Defendants argue that the Bankruptcy Court's decision was in error because it "overlooked the essential fact" that the fraudulent transfer claim in *Gonzalez I* was predicated on the Settlement Agreements.[1]  As Appellant-Defendants correctly note, a trustee's ability to avoid a fraudulent transfer is predicated on the existence of a "creditor holding an unsecured claim."  11 U.S.C. § 544(b)(1).  The only unsecured claim of any significance in this case was that owing to Lapides under the Settlement

---

[1] Appellant-Defendants do not argue that the revocation-of-discharge claim in *Gonzalez II* was predicated on the Settlement Agreements, effectively conceding that attorneys' fees related to this action are not recoverable under Cal. Civ. Code § 1717(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 16-01257 BRO | Date | January 23, 2017 |
|---|---|---|---|
| Title | IN RE JAY W. AND DEBRA F. JOHNSON | | |

Agreements.[2]  Appellant-Defendants argue that *Gonzalez I* is properly conceived of as an action "on a contract" because the overriding purpose of the litigation was to protect Lapides's rights under the Settlement Agreements.

The Court disagrees.  In bringing a fraudulent transfer action, the Trustee was not seeking "to enforce, or avoid enforcement of, the provisions of" the Settlement Agreements.  *Cf. Penrod*, 802 F.3d at 1088.  Rather, his purpose was "'to augment the bankruptcy estate'" for the benefit of any unsecured creditor who might have a claim against it.  *Stern v. Marshall*, 564 U.S. 462, 492 (2011) (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56 (1989)).  Such an action is "not based upon any consensual relationship," but instead sounds in quasi-contract; its purpose is to provide restitution of benefits that have been conferred to the transferee but which rightfully belong to the creditors.  *United States v. Neidorf*, 522 F.2d 916, 918 (9th Cir. 1975).

The basic structure of *Gonzalez I* confirms that this litigation was not an action to enforce the Settlement Agreements.  No overlap exists between the parties to the Settlement Agreements and the parties to the litigation.  The Settlement Agreements were signed by Jay Johnson, Debra Johnson, and Lapides; the parties to *Gonzalez I* were Gonzalez, Randy Johnson, Robin Johnson, JJ&A Architects, Inc., and Q Financial Group, LLC.  Because none of the parties to *Gonzalez I* were parties to the Settlement Agreements, none are entitled to attorneys' fees under these agreements.  Thus, Cal. Civ. Code § 1717 has no application.

### B. Whether the Bankruptcy Court Erred in Declining to Award Attorneys' Fees Pursuant to its Inherent Power to Sanction

Courts have inherent power to sanction bad-faith litigation conduct, including by awarding attorneys' fees to the prevailing party.  *Chambers*, 501 U.S. at 45–46.  Sanctions may be imposed on any person—whether or not a party—who engages in

---

[2] The schedule of unsecured non-priority claims filed by the Johnsons lists ten creditors, two of which (Randy Johnson and JJ&A Associates) were closely associated with the Johnsons.  (Doc. 10-1 at 262–64).  The independent creditors had claims for $1,140,999, with Lapides's claim for $1,100,000 constituting 96% of this total.  (*See id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 16-01257 BRO | Date | January 23, 2017 |
| Title | IN RE JAY W. AND DEBRA F. JOHNSON | | |

abusive litigation practices. *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994).

     In the bankruptcy proceeding, Appellant-Defendants requested that the Bankruptcy Court award attorneys' fees as a sanction for bad-faith litigation conduct by Gonzalez, his attorney James Hinds, and Lapides. The court declined to impose sanctions. In its tentative ruling, incorporated by reference in the final order, the court explained that sanctions were not warranted against Gonzalez:

> Here, there is no substantive or admissible evidence of the requisite bad faith conduct by the Trustee . . . . Based on the record presented at trial, including extensive cross examination, the court found the expert report and testimony of Mr. Lapides were not persuasive and, ultimately, lacking in credibility. However, these findings are not tantamount to frivolous, vexatious . . . conduct on the part of the Trustee . . . . Having presided over these adversary proceedings for more than a decade, the court has observed vigorous, contentious[,] and, at times, acrimonious advocacy on both sides of the litigation fence. While the Trustee may have misjudged the efficacy of Mr. Lapides'[s] report and testimony, this court cannot find that the Trustee acted in bad faith in doing so.

(Dkt. No. 8-1 at 38–39).

     Appellant-Defendants do not explain why the Bankruptcy Court's failure to sanction Gonzalez was reversible error. Instead, the argue that the court erred by failing to consider whether sanctions were warranted against Lapides and Hinds. This argument lacks merit. The Bankruptcy Court clearly did not believe that the Trustee or anyone associated with him was guilty of bad faith. (*See* Dkt. No. 8-1 at 41 (declining to impose sanctions on Gonzalez because Defendants presented no evidence of bad faith and "the court cannot make such finding[] based on its own observations, recollections, and experiences with the subject litigation"), 44 (the motion for sanctions against Lapides "is not supported by evidence of bad faith"); *see also* 8:06-ap-01313-ES (Dkt. No. 584 at 18) ("I have absolutely no doubt as to the sincerity of Mr. Lapides'[s] belief in all of the work that he has done.")). The Court has reviewed the examples of alleged bad faith set forth in Appellant-Defendants' brief, and cannot conclude that the Bankruptcy Court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 16-01257 BRO | Date | January 23, 2017 |
|---|---|---|---|
| Title | IN RE JAY W. AND DEBRA F. JOHNSON | | |

conclusion was "illogical, implausible, or without support." *Hinkson*, 585 F.3d at 1262. Accordingly, the Bankruptcy Court's refusal to impose sanctions is AFFIRMED.

## IV.   CONCLUSION

For the foregoing reasons, the appeal is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | |

USBC Central District of California Santa Ana, 8:06-bk-10373 ES
Consolidated Adversary Cases, 8:06-ap-1313 ES; 8:06-ap-1311 ES